IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS LEROY PITT,

        Petitioner,

    v.

MARK NOOTH,

        Respondent.

Civil No. 2:13-cv-01929-BR

OPINION AND ORDER

KRISTINA HELLMAN
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  972014

        Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
NICHOLAS M. KALLSTROM
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

        Attorneys for Respondent

BROWN, Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging a Lane County conviction and sentence. For the reasons that follow, the Court DENIES the Second Amended Petition for Writ of Habeas Corpus (ECF No. 37).

**BACKGROUND**

On September 13, 2002, a Lane County grand jury indicted Petitioner on two counts of Unlawful Sexual Penetration in the First Degree and two counts of Sexual Abuse in the First Degree. Resp. Exh. 102; *State v. Pitt*, 209 Or. App. 270, 273, 147 P.3d 940 (2006). Previously, in December 2001, a Clatsop County grand jury indicted Petitioner on two counts of Unlawful Sexual Penetration in the First Degree and two counts of Sexual Abuse in the First Degree. Resp. Exh. 125; *see also Pitt*, 209 Or. App. at 272. The Clatsop County charges involved a single minor female victim, while the Lane County charges involved her along with another minor female victim.

The Clatsop County case was tried first. In January of 2003, a Clatsop County jury found Petitioner guilty of all charges. The Clatsop County trial judge sentenced Petitioner to consecutive 100-month terms of imprisonment on the two Unlawful Sexual Penetration convictions, and two concurrent 75-month terms of imprisonment on

the Sexual Abuse convictions. Resp. Exh. 101. Thus, in total, the Clatsop County trial court imposed 200 months of imprisonment.

In May 2003, a Lane County jury found Petitioner guilty of all charges. The Lane County trial judge sentenced Petitioner as follows: (1) 75 months of imprisonment on Count 1 (Sexual Abuse), concurrent with the Clatsop County sentences; (2) 130 months of imprisonment on Count 2 (Unlawful Sexual Penetration), also concurrent with the Clatsop County sentences; (3) 75 months of imprisonment on Count 3 (Sexual Abuse), also concurrent with the Clatsop County Convictions; and (4) 130 months of imprisonment on Count 4 (Unlawful Sexual Penetration), consecutive to Counts 1, 2, and 3, and consecutive to the Clatsop County sentences. Resp. Exh. 101. Thus, the Lane County trial judge imposed a total of 260 months of incarceration, with 130 months to be served consecutive to the 200-month sentenced imposed in Clatsop County. *Id.*

In November 2006, the Oregon Court of Appeals reversed Petitioner's convictions from both counties. *See Pitt v. State*, 209 Or. App. 270, 147 P.3d 940 (2006), *adhered to upon reconsideration by* 212 Or. App. 523 (2007) (Clatsop County convictions), and *Pitt v. State*, 209 Or. App. 349, 150 P.3d 1 (2006), *adhered to upon reconsideration by* 212 Or. App. 549 (2007) (Lane County convictions).

Retrial took place in Clatsop County in October 2007. The Clatsop County jury again found Petitioner guilty on all charges,

and the trial judge imposed the same sentences totaling 200 months of imprisonment.

Retrial in Lane County took place in November 2007. This time, the Lane County jury convicted Petitioner on the two charges of Sexual Abuse (Counts 1 and 3) and one count of Unlawful Sexual Penetration (Count 2), but acquitted Petitioner on the Unlawful Sexual Penetration charged in Count 4.[1] The trial judge imposed a 130-month term of imprisonment on the Unlawful Sexual Penetration conviction on Count 2, consecutive to the Clatsop County sentence. *Id*. On Count 1, the trial judge sentenced Petitioner to 75 months of imprisonment, concurrent with the 130-month term imposed on Count 2. *Id*. On Count 3, the trial judge imposed a 75-month term of imprisonment, concurrent with the Clatsop County sentence and consecutive to the 130-month sentence imposed on Count 2. Thus the trial court imposed a total of 205 months of imprisonment, again with 130 months to be served consecutively to the 200-month Clatsop County sentence.

Petitioner appealed his Lane County convictions. He asserted one assignment of error, that the trial judge erred in instructing the jury that it could convict Petitioner on the basis of a non-unanimous verdict. Resp. Exh. 109. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied

---

[1]The jury verdicts were unanimous on Counts 1 and 2, and 11-1 for conviction on Count 3.

review. *State v. Pitt*, 229 Or. App. 742, 213 P.3d 876 (2009), *rev. denied*, 347 Or. 608, 226 P.3d 43 (2010).

Petitioner also appealed his Clatsop County convictions. In October 2012, the Oregon Supreme Court reversed those convictions. *State v. Pitt*, 352 Or. 566 (2012). On remand, Petitioner pleaded guilty to one count of Sexual Abuse in the First Degree. Resp. Exh. 101. The Clatsop County trial court sentenced Petitioner to 75 months of imprisonment, concurrent with the Lane County sentences. Thus, Petitioner's final total term of imprisonment for both cases is 205 months.

Petitioner challenged his Lane County convictions in a state post-conviction relief ("PRC") proceeding. Resp. Exh. 115. Following an evidentiary hearing, the PCR trial judge denied relief. Resp. Exh. 129. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Pitt v. Nooth*, 254 Or. App. 418, 295 P.3d 695, *rev. denied*, 353 Or. 533, 300 P.3d 1222 (2013).

In June 2016, Petitioner filed a motion in Lane County to modify his sentence. Petitioner argued that because his convictions in Clatsop County had been reversed and he had subsequently pleaded guilty to only one count of Sexual Abuse, he was entitled to have his criminal history recalculated and to have

his Lane County sentence modified accordingly. Pet. Exhs. pp. 2-3.

The trial court denied Petitioner's motion. Resp. Exh. 135.[2]

On October 20, 2013, Petitioner filed his habeas petition in this Court challenging his Lane County convictions. Petitioner alleges four claims for relief in his Second Amended Petition for Writ of Habeas Corpus:

> **Ground One:** Petitioner's right to trial by jury, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, was violated when he was convicted by non-unanimous jury verdicts.

> **Ground Two:** Petitioner's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution were violated when the trial court imposed consecutive sentences as punishment for Petitioner's refusal to plead guilty and for exercising his constitutional rights to a trial by jury and appeal.

> **Ground Three:** Petitioner did not receive effective assistance of trial counsel, as guaranteed by the Sixth Amendment to the United States Constitution, when counsel failed to object to the sentence under the Due Process Clause of the Fourteenth Amendment to the United States Constitution because it was vindictive; that is, it punished Petitioner for exercising his rights to trial and appeal.

> **Ground Four:** Petitioner's sentence violates the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution because as currently imposed, it is enhanced using non-existent criminal history.

In his original Brief in Support of the Second Amended Petition, Petitioner addressed the claims alleged in Grounds One,

---

[2]In June 2016, while the current action was pending, petitioner filed a second motion to modify his sentence in Lane County. Pet. Exhs. pp. 13-19. On July 7, 2016, the Lane County trial court denied the motion. Resp. Exh. 135.

Two, and Four.  As to the claims alleged in Grounds One and Four,
Respondent argues the state court decisions did not violate clearly
established law and are, therefore, entitled to deference.

As to the claim alleged in Ground Two, a due process trial
court error based upon the trial court's alleged vindictive
sentencing, Petitioner acknowledged it as procedurally defaulted
because appellate counsel failed to assert the claim on direct
appeal.  Petitioner argued, however, that the procedural default
should be excused under *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct.
1309 (2012), which the Ninth Circuit had extended to claims of
ineffective assistance of appellate counsel.  *See Nguyen v. Curry*,
736 F.3d 1287 (9th Cir. 2013).  After Petitioner filed his Brief,
however, the Supreme Court decided *Davila v. Davis*, 137 S. Ct. 2058
(2017), which held that *Martinez* does not apply to excuse
procedural default when the underlying claim is ineffective
assistance of appellate counsel.  As such, Petitioner now concedes
he cannot succeed on the claim alleged in Ground Two.

As noted, Petitioner did not originally address the claim
alleged in Ground Three, *i.e.*, ineffective assistance of trial
counsel for failure to raise a Fourteenth Amendment objection to a
vindictive sentence.  Following *Davila*, the Court granted
Petitioner leave to file a supplemental brief providing argument on
this claim.  Petitioner now takes the position that the claim is
procedurally defaulted because it was not raised in his state PCR

proceeding, but argues that the procedural default is excused under *Martinez* because his PCR trial counsel failed to allege the claim.[3] Respondent argues the procedural default is not excused under *Martinez* because Petitioner has not established a substantial claim of ineffective assistance of trial counsel. Respondent contends that Petitioner is not entitled to habeas relief in any event because the trial judge did not vindictively sentence Petitioner.

## LEGAL STANDARDS

A petition for writ of habeas corpus filed by a state prisoner shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented." 28 U.S.C. § 2254(d)(1) & (2); *Harrington v. Richter*, 562 U.S. 86, 100 (2011). The petitioner bears the burden of proof. *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1398 (2011).

"Under § 2254(d)(1), a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood

---

[3]In his original Brief, Petitioner argued trial counsel preserved the error, but that appellate counsel failed to raise it on appeal. Now, however, Petitioner contends trial counsel failed to preserve the error.

and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Wheeler*, 136 S. Ct. 456, 460 (2015) (citing *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014)) (internal quotations omitted). The Supreme Court recently reiterated the high standard of deference required by § 2254(d): "[t]his Court, time and again, has instructed that the AEDPA, by setting forth necessary predicates before state-court judgments may be set aside, 'erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.'" *White*, 134 S. Ct. at 460 (quoting *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013)).

## DISCUSSION

### I.   Ground One - Non-Unanimous Jury Verdict

In Ground One, Petitioner alleges his right to trial by jury was violated when he was convicted on one of the counts of Sexual Abuse in the First Degree by an 11-1 jury verdict. Petitioner alleges he is entitled to habeas relief because the Oregon trial court denied him his Sixth Amendment right to a unanimous jury verdict.

Petitioner acknowledges, however, that existing United States Supreme Court precedent forecloses habeas relief on such a claim. *See Apodaca v. Oregon*, 406 U.S. 404, 406 (1972) (a state court criminal conviction by a less than unanimous jury does not violate the Sixth Amendment right to trial by jury made applicable to

states by the Fourteenth Amendment). Nevertheless, Petitioner argues that this Court should find *Apodaca* effectively overruled in light of the Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296 (2004) and *Cunningham v. California*, 549 U.S. 270 (2007).

A habeas court is limited to evaluating whether a state court has unreasonably applied clearly established federal law in light of express holdings of the United States Supreme Court. *See Thaler v. Haynes*, 559 U.S. 43, 130 S. Ct. 1171, 1173 (2010) ("[a] legal principle is 'clearly established' within the meaning of [28 U.S.C. § 2254(d)(1)] only when it is embodied in a holding of this Court"). Neither *Blakely* nor *Cunningham* held that non-unanimous juries are unconstitutional, and this Court will not extend their holdings by implication to find as much. *See Wells v. Howton*, 409 Fed. Appx. 86, 87 (9th Cir. 2010) (unpublished) (rejecting argument that *Blakely* and *Cunningham* have undermined *Apodaca* and concluding that "*Apodaca* is directly appealable, and we must follow it"); *Youravish v. Brown*, Case No. 1:14-cv-00262-KI, 2015 WL 1637210 (D. Or. Apr. 13, 2015) (rejecting claim seeking relief based on the right to a unanimous jury verdict, explaining that *Apodaca* is still controlling precedent). Accordingly, Petitioner is not entitled to habeas corpus relief on the claim alleged in Ground One.

## II. Ground Three[4] - Ineffective Assistance of Trial Counsel For Failure to Object to Petitioner's Sentence

In Ground Three, Petitioner alleges trial counsel was constitutionally ineffective for failing to object to his Lane County sentence on the grounds that it was vindictive; that is, it punished Petitioner for exercising his right to appeal. After the first trial, Lane County Judge Gregory G. Foote imposed the sentence on Count 2 to run concurrent with the Clatsop County sentence and the sentence on Count 4 to run consecutive. Upon retrial, the jury acquitted Petitioner on Count 4. This time, Lane County Judge Maurice K. Merten imposed the sentence on Count 2 to run consecutive instead of concurrent to the Clatsop County sentence. Petitioner argues this change demonstrates vindictiveness. Respondent argues Petitioner is not entitled to relief on this claim because the trial court's sentence was not the product of vindictiveness and trial counsel was not constitutionally ineffective for declining to object to the sentence on that basis.[5]

_____

[4]As noted, Petitioner concedes he is not entitled to habeas corpus relief on the claim alleged in Ground Two. As such, the Court need not address that claim.

[5]The parties disagree whether this claim is procedurally defaulted. Because the Court finds Petitioner is not entitled to relief on the merits, the procedural default issue is not addressed. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *Runningeagle v. Ryan*, 686 F.3d 758, 778 n.10 (9th Cir. 2012) (exercising discretion afforded under § 2254(b)(2)

"To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (citing *North Carolina v. Pearce*, 395 U.S. 711, 738 (1969)). In *Pearce*, the Supreme Court held that a "presumption of vindictiveness" applies when a trial court imposes a harsher sentence upon retrial, a presumption that must be rebutted with objective evidence in the record justifying the harsher sentence. *Pearce*, 395 U.S. at 726; *see also United States v. Goodwin*, 457 U.S. 368, 374 (1982). Before the *Pearce* presumption arises, "the second sentence imposed on a defendant must, in fact, be more severe than the first. *United States v. Bay*, 820 F.2d 1511, 1513 (9th Cir. 1987). When reviewing the second sentence, a court should not assess it on each count individually, but instead on whether the second sentence imposes a net increase in the aggregate. *See Bay*, 820 F.2d at 1513 (although the defendant had been acquitted on retrial of a count that carried mandatory time and the trial court therefore increased his sentences as to other counts to reach the same net result, no presumption of vindictiveness arose "because the court must look in the aggregate and not merely with respect to each individual count") (internal quotation omitted).

---

to decline to address procedural default issue where relief denied on the merits), *cert. denied*, 133 S. Ct. 2766 (2013).

The presumption of vindictiveness also does not arise when different judges enter the sentences. *Texas v. McCullough*, 475 U.S. 134, 140-41 (1986) (citing *Colten v. Kentucky*, 407 U.S. 104, 117 (1953). In *Colten*, the Supreme Court "recognized that when different sentencers are involved, '[it] may often be that the [second sentencer] will impose a punishment more severe than that received from the [first]. But it no more follows that such a sentence is a vindictive penalty for seeking a [new] trial than that the [first sentencer] imposed a lenient penalty.'" *McCullough*, 475 U.S. at 141 (quoting *Colten*, 407 U.S. at 117) (modifications in original).

Where circumstances do not give rise to a presumption of vindictiveness, a due process violation may be established only by proof of actual vindictiveness. *Wasman v. United States*, 468 U.S. 559, 568 (1984); *Alabama v. Smith*, 490 U.S. 794, 799 (1989). The burden is on the petitioner to make such a showing. *Smith*, 490 U.S. at 799-800 (citing *Wasman*, 468 U.S. at 569).

Petitioner argues that Judge Foote imposed a vindictive sentence in the first Lane County trial. Petitioner cites Judge Foote's discussion at sentencing about whether to run the Lane County sentences concurrent or consecutive to the Clatsop County sentences:

> THE COURT: Well, from my standpoint, I think the Court needs to look at these cases as a whole. And the sentence needs to reflect, I think, the fact that you had a very damaging and totally wrong relationship with these

children.  And the issue before the Court is what is the appropriate overall sentence to reflect both of those things.

But I also need to reflect on the fact that these two girls [the victims] had to come back to court for this trial, even though they were unable to testify.  They were here, put through the ordeal of having to face the fact that they might have to testify and somehow get into this courtroom.

And the Court made observations as to how difficult that was for them.  And I think for those reasons, a complete -- concurrent sentences is not appropriate.

What I'm going to do, however, is order that, on the two Sex Abuse cases, that you serve a period of 75 months with the Department of Corrections, those to run concurrent and run concurrent to other sentences; that, on the Sexual Penetration in Count 2, that that be a -- that's a 130-month sentence, with a 100-month mandatory minimum pursuant to Measure 11, that to run concurrent; on Count 4, 130 months, with a 100-month mandatory minimum, that to run consecutive.

Transcript of Proceedings ("Transcr."), ECF No. 26-1, p. 185.

Petitioner further argues that Judge Merten perpetuated the problem after the second trial when he stated his intent to impose the same amount of imprisonment imposed by Judge Foote.  Transcr., ECF No. 26-2, p. 243.

Petitioner has not established actual vindictiveness on Judge Foote's part.  Though Judge Foote referenced the difficulty the two victims suffered as a result of having to attend another trial, he also made clear the impact the crimes had on the victims drove his decision.  Petitioner has not demonstrated that Judge Foote's purpose in imposing the Lane County sentence was to punish Petitioner for exercising his right to trial.  Further, even if a

vindictive motive could be attributed to Judge Foote, Petitioner provides no authority supporting a claim that Judge Foote's alleged vindictiveness could somehow be imputed to Judge Merten, who imposed a shorter total sentence. Accordingly, trial counsel was not ineffective for failing to object based on Judge Foote's alleged vindictiveness in relation to the Clatsop County case.

Finally, Petitioner has not established Judge Merten's sentence "punished" Petitioner for exercising his right to appeal in the Lane County case. Judge Merten engaged in an extensive colloquy with counsel before imposing sentence following Petitioner's retrial. Transcr., ECF No. 26-2, pp. 243-54. Petitioner's trial counsel argued that it was "quite clear" that Judge Merten was not authorized to impose more time than Judge Foote, and Judge Merten specifically stated "I don't want to insinuate in any fashion that [Petitioner's] going to get punished for appeal." Transcr., ECF No. 26-2, pp. 242, 244. When Judge Merten stated his intention to run the sentence on Count 2 consecutive to the Clatsop County sentences, trial counsel objected:

> COUNSEL: To conclude, for the record, by sentencing [Petitioner] to consecutive time to Clatsop County on a count other than County 4 as was done last time would constitute punishing him for his right to appeal.

Transcr., ECF No. 26-2, p. 249. While trial counsel did not object based on an argument that Judge Foote's sentence was imposed vindictively, and that Judge Merten's sentence continued the

vindictive nature of Judge Foote's sentence, trial counsel provided constitutionally effective assistance.

Petitioner has not established trial counsel provided constitutionally ineffective assistance of counsel. As such, Petitioner is not entitled to habeas relief on the claim alleged in Ground Three.

### III. Ground Four - Unconstitutional Sentence

In Ground Four, Petitioner alleges the trial court's sentence violates the Eighth Amendment and the Due Process Clause because as currently imposed, it is enhanced based upon a no-longer existent criminal history. Following Petitioner's retrial in Lane County, the trial court imposed a 130-month presumptive sentence on the conviction for Unlawful Sexual Penetration (Count 2), consecutive to the Clatsop County sentences. To impose the 130-month sentence, the Lane County trial judge first had to determine that Petitioner had previously been convicted of three or more "person felonies," resulting in Petitioner being classified as an "A" offender on Oregon's Criminal History Scale.[6] Because the Lane County trial judge sentenced Petitioner on his conviction for Unlawful Sexual Penetration first, Petitioner contends the Lane County trial judge necessarily relied upon the four convictions that had been

---

[6]The Oregon Administrative Rules provide that an offender's criminal history is based upon the number of "convictions and juvenile adjudications in the offender's criminal history *at the time the current crime or crimes of conviction are sentenced*." Or. Admin. R. 213-004-0006(2) (emphasis supplied).

previously entered in Clatsop County to classify Petitioner as an "A."

As noted, however, after Petitioner's sentencing on re-trial in Lane County, the four Clatsop County convictions were overturned and Petitioner pleaded guilty to one count of Sexual Abuse. Thus, Petitioner argues, the 130-month sentence imposed on Count 2 in Lane County is no longer valid because it was based upon a criminal history that, while existent at the time of sentencing, is no longer extant. As such, Petitioner contends he is entitled to be re-sentenced, and the Lane County trial court may consider only the single conviction from Clatsop County in calculating Petitioner's criminal history score.

Petitioner presented this argument to the Lane County court in two separate motions to modify his sentence, one in 2014 and the other in 2016. In both motions, Petitioner argued he was entitled to re-sentencing because the prior Clatsop County convictions upon which his Lane County sentence was based had been overturned. The Lane County Circuit Court denied both motions without explanation and, as Petitioner notes, those decisions are not subject to appeal. *State v. Hart*, 188 Or. App. 650, 72 P.3d 671, 672 (2003).

Respondent argues Petitioner is not entitled to habeas relief on the claim alleged in Ground Four for two reasons: first, the trial court did not unreasonably apply federal law in sentencing Petitioner in accordance with his criminal history score at the

time he was sentenced; and, second, any error in doing so was harmless. In presenting their respective arguments, the parties focus on the initial sentencing to determine whether the trial judge violated clearly established federal law. In the Court's estimation, however, the appropriate focus is the trial court's denial of Petitioner's motions to modify his sentence — if the denial of the motions to modify was contrary to or an unreasonable application of clearly established federal law, then Petitioner would be entitled to habeas corpus relief.

In *Townsend v. Burke*, 334 U.S. 736 (1948), the defendant pleaded guilty to crimes without the assistance of an attorney, and was sentenced on the basis of a criminal history he did not possess; the trial court relied upon one charge that had previously been dismissed and two charges on which the defendant had previously been found not guilty. *Townsend*, 334 U.S. at 739-40. The Supreme Court held the defendant's sentence unconstitutional, explaining:

> [O]n this record we conclude that, while disadvantaged by lack of counsel, this prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue. Such a result, whether caused by carelessness or design, is inconsistent with due process of law, and such a conviction cannot stand.

*Id*. at 740-41. Here, by contrast, at the time the Lane County trial judge imposed Petitioner's sentence, the criminal history upon which the judge relied was accurate.

In *U.S. v. Tucker*, 404 U.S. 443 (1972), the trial court gave "explicit attention" to three of the defendant's prior state-court convictions in sentencing him. *Tucker*, 404 U.S. at 444. In a subsequent collateral proceeding, two of those prior convictions were deemed invalid because the defendant had been denied the assistance of counsel in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Tucker*, 404 U.S. at 445-46. The Supreme Court concluded that re-sentencing was appropriate premised on prior violations of the fundamental right to counsel under *Gideon*.

The Supreme Court declined to extend its holding from *Tucker* in *Custis v. United States*, 511 U.S. 485 (1994). The Court rejected the defendant's arguments that the Constitution entitled him to collaterally challenge prior convictions used to enhance his sentence at his sentencing hearing:

> Custis invites us to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in *Gideon*. We decline to do so.

*Id*. at 496.

Although the Court in *Custis* did not permit the defendant to collaterally attack his prior convictions during his sentencing hearing, it suggested that he may be able to challenge his sentence in the event that the prior convictions used to enhance his sentence were later overturned in another proceeding. On that issue, the Court declined to express an opinion:

> If Custis is successful in attacking these state
> sentences, he may then apply for reopening of any federal
> sentence enhanced by the state sentences. We express no
> opinion on the appropriate disposition of such an
> application.

*Id*. at 497.

A legal principle may be "clearly established" if the Supreme Court has announced a "controlling legal standard" that is applicable to a petitioner's claim without "tailoring or modification" of the standard. *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009). Where the Supreme Court has explicitly declined to address an issue, it cannot be said that the state court unreasonably applied federal law with respect to that issue. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("[b]ecause our cases give no clear answer to the question presented, let alone one in [petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established federal law.'") (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)) (internal alterations omitted).

The Supreme Court has not clearly established that a prisoner in Petitioner's position may re-visit his sentence based upon a later successful attack on prior sentences relied upon to justify the current sentence. As such, the Lane County court's decisions denying Petitioner's motions to modify sentence are entitled to deference, and Petitioner is not entitled to habeas relief on the claim alleged in Ground Four.

## CONCLUSION

For these reasons, the Court DENIES the Second Amended Petition for Writ of Habeas Corpus (ECF No. 37) and DISMISSES this action.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  16th  day of September, 2017.

       /s/ Anna J. Brown
ANNA J. BROWN
United States Senior District Judge